Joseph Fiumara v. McCarthy et al.      CV-97-552-PB  05/10/99

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Joseph Fiumara**

    v.                                    Civil No. 97-552-B

**Michael McCarthy, et al.**


MEMORANDUM AND ORDER

Pro se plaintiff, Joseph Fiumara alleges in this action that Hampton police officers Robert Towler and Alan Roach, and Fiumara's ex-wife, Mary Marshall, violated Fiumara's Fourteenth Amendment right to equal protection of the laws.[1]  Towler and Roach seek summary judgment, arguing both that Fiumara cannot prove his claims and that they are entitled to qualified immunity.  Marshall argues that she is entitled to summary judgment because Fiumara has produced insufficient evidence in support of his claims to warrant a trial.  For the reasons explained below, I grant both motions.

---

[1]  Fiumara's claims against his ex-wife's attorney and his claims against all of the defendants based on 42 U.S.C. § 1985 were dismissed in a prior order.  See Document no. 14.

## I.  BACKGROUND[2]

Fiumara was involved in divorce proceedings when the events in question took place.  On October 30, 1994, he was arrested for violating a restraining order forbidding him from contacting Marshall.  While Fiumara was in custody, Marshall's lawyer contacted Towler and told him that

> a client of Attorney McCarthy's, Mary
> Fiumara, was going to the "marital residence"
> to retrieve the items awarded her in the
> October 21, 1994 order and requested a civil
> standby to prevent any disturbance of the
> peace should Plaintiff (Joseph Fiumara)
> return home while Mrs. Fiumara was there.

Objection to Defendants Towler and Roach's Motion for Summary Judgment (Doc. no. 47) at 3.  In response, Towler instructed Roach to go with Marshall to Fiumara's residence.  Roach remained outside the residence while Marshall entered through a window and removed certain items.[3]  Roach did not see how Marshall entered the residence.

Fiumara alleges that although neither Towler nor Roach were aware of it at the time, Marshall was subject to a restraining

---

[2]  I describe the background facts properly documented in the record in the light most favorable to Fiumara.

[3]  Fiumara suggested in his complaint that the police may have given Fiumara's key to Marshall to enable her to get into the residence.  Fiumara, however, recently withdrew this allegation.

order that prohibited her from entering the residence.  When Fiumara was released from custody, he discovered that Marshall broken into his home and reported her "burglary" to the police.  The police declined to investigate Fiumara's complaint, however, allegedly because it was a "domestic dispute."

## II.    ANALYSIS

Fiumara argues that Towler and Roach wrongly allowed Marshall to enter his residence and then improperly refused to investigate his burglary report because he belongs to a "class of people who are involved in domestic proceedings over marriage." Id. at 9.  Accordingly, he contends that both defendants violated his right to equal protection of the laws.  Fiumara also argues that Marshall violated his equal protection rights by conspiring with Towler and Roach.  I address each claim in turn.

### A.    Towler and Roach

To the extent that Fiumara challenges the defendants' failure to investigate his burglary report, his claim fails because he lacks standing to sue.  As the Supreme Court has observed in this regard, "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  Linda R.S. v. Richard

D., 410 U.S. 614, 619 (1973).

Fiumara's claim that the defendants are liable because they stood by while Marshall burglarized his home also fails. Fiumara has not produced sufficient evidence to permit findings that defendants purposely discriminated against him. Any equal protection claim requires proof of purposeful discrimination. See Judge v. City of Lowell, 160 F.3d 67, 76 (1st Cir. 1998). Moreover, a plaintiff cannot support an equal protection claim merely by juxtaposing the fact that he is a member of an identifiable group with an instance of alleged discrimination. Id. at 76. Here, Fiumara claims that he is a member of a class of individuals who have been involved in domestic disputes. He then argues that defendants allowed Marshall to burglarize his home because of his membership in the alleged class. He has offered no evidence, however, to support his assertion. Accordingly, the defendants are entitled to summary judgment with respect to his claims against them.

Even if Fiumara had sufficiently supported his claim that defendants purposefully discriminated against him, he has failed to demonstrate that defendants lacked a rational basis for their actions. Because Fiumara has not argued that he is a member of a suspect class or that he has been denied a fundamental right, the

defendants' actions cannot be successfully challenged under the equal protection clause unless defendants acted without a rational basis to support their actions.  See Inmates of Suffolk County Jail v. Rouse, 129 F.3d 649, 659 (1st Cir. 1997).  Here, defendants had ample reason to act as they did because they were told by Marshall's attorney that she was authorized to enter Fiumara's home and remove certain items specified in a court order.  The fact that they might have uncovered additional information if they had investigated further before acting does not subject them to liability under the equal protection clause.  Accordingly, defendants Towler and Roach are entitled to summary judgment with respect to plaintiff's claims against them.

B.   **Claim Against Marshall**

Fiumara has sued Marshall for conspiring with Towler and Roach to deprive Fiumara of his equal protection rights.  Although a private citizen may be liable pursuant to 42 U.S.C. 1983 if she conspires with a governmental official to violate a defendant's constitutional rights, a § 1983 claim cannot be sustained without proof that the plaintiff's constitutional rights were infringed as a result of the alleged conspiracy.  See Dixon v. City of Lawton, OK, 898 F.2d 1443, 1449 (10th Cir. 1990); Landrigan v. Warwick, 628 F.2d 736, 742 (1st Cir. 1980).

As I have already explained, Fiumara has failed to support his claim that Towler or Roach violated his constitutional rights. Nor has he identified any other state actors who violated his constitutional rights. At most, he has alleged that Marshall and her attorney improperly used the police to accomplish an illegal end. Such allegations are insufficient to support a § 1983 conspiracy claim against Marshall. Accordingly, Marshall is entitled to summary judgment with respect to Fiumara's claim against her.

## III.  CONCLUSION

Defendants' motions for summary judgment (document nos. 44 and 45) are granted.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

May 10 , 1999

cc:  Joseph Fiumara
     John Bosen, Esq.
     John McEachern, Esq.
     William Scott, Esq.